The opinion of the Court ivas delivered by

Mr. Justice Johnson.

The brief, on which this case has been argued, contains a variety of grounds, which from the view taken by the court, have become unimportant. It will, therefore, only be necessary to consider those on which the case turns, and which arise out of the third ground of the brief. There is no doubt about the fact, that Henry Harvey, the executor, did sell the negro in dispute to the defendant in 1798, and if he had the power to do so, there are as- little doubt that the verdict is wrong. It is, therefore, proposed to consider:
; 1st. Whether he had or had not that power.
It is not in proof whether either the other executor or himself did prove the will and qualify: and notwithstanding the great length of time which has elapsed since the death of the testator and the sale of the negro, would, in the absence of 'proof, furnish a strong presumption in support of the affirmative, yet for the purposes of this case, it may be conceded that he did not. An executor, unlike an administrator, derives all his interest in, and power over an estate from the will of the testator, and not from the letter’s testamentary granted by the ordinary.-'2 Bacon's Ah. Tit. Executors and Administrators, E. 14; and haring once elected to accept the administration, he can never afterwards divest himself of that character. Any act which would constitute him executor de son tort, as taking possession of tire goods and converting them to his own use, or disposing of them to another, or releasing debts due to the testator, and the like, is evidence of such acceptance) % Bacon's Ab. Title Executors and Administrators, E. 10. It follows, therefore, that, the fact of selling the negro in dispute to the defendant was an Assumption of the powers of an éxecutor and invested him with that character. But it is expressly laid down, that an executor may, before probate, possess himself of the goods of the testator.. He may pay debts and legacies and give releases for debts due- *120 to the testator. He may, in his own name, maintain trespas'áj trover, or detinue, for goods which he has had in possession, and, as more strictly applicable to this question, he may sell, give away, or dispose of the property of his testator as lie pleases. Indeed with respect to his power oVer chatties which he has reduced to possession, I have been unable to find any limitation. 2 Bacon’s Ab. Title JExecuiors and Administrators, JE- 14. As executor he might, therefore, lawfully sell the negro to the defendant, even before the will was proved. It is true, the bill of sale to the defendant is in the name of Henry Harvey, without the addition of his character as executor, and this -circumstance has given rise to the question:
2. Whether this addition was necessary to transfer the right.
It is certainly a matter of convenience, which ought never to be lost sight of in conveyancing, to recite the authorities and exhibit the true characters in which the parties act; as they serve ' as indices to circumstances which it would be difficult to trace without them, at a distant period; but it is not indispensably necessary. The general rule is, that when one does an act which he cannot do so as to be effectual, otherwise, than by virtue of an authority, it shall be taken to be in exercise of that authority, although it he done in his own name; Parker, vs. Kett, 1 Salk, 95; and the good sense and sound policy of the rule, is clearly deducible from the consequences which would result from a different rule in the present case. Henry Harvey was in possession of the negro, which of itself was prima facie evidence of' property and consequently of the right to dispose of it, and had, as has been before observed, the legal right to do so; and it does not appear that the defendant was informed of the character in which he possessed these powers. If therefore' the concealment of his authority was sufficient to avoid the sale, the most detestable frauds might be practised, and it would lead directly to the ridiculous result, that one might dispose of property in his own name and recover it back in a representative character. There is one qualification of this rule, which has been thought applicable to the present case and which deserves consideration-It is, that where one has an interest and authority both, and does an act without reciting the authority, it shall be taken as done hy virtue of his interest. 1st. Salk, 95. The application of *121 ibis principle is supposed to be derived from the circumstance, that Henry Harvey bad an interest in this property, expectant on the death of Paul Harvey Dudley, without issue; from whence it is concluded that the sale to the defendant should be taken in reference to that authority. It does not appear to me, that by the terms of the will, he, as legatee, even admitting the eoiitiugeucy'to have occurred upon which his interest depended, had any power over, or interest in the property itself. The devise, to use the words of the will, is of the “annual income,” and there is moreover an express prohibition to his disposing of any part of the property. There is another view which to my mind is equally conclusive. The bill of sale professes to convey to the defendant an absolute and unconditional property in the negro. The habendum is to him, “his executors, administrators and assigns, and to'their own proper use and behoof forever.” Give, therefore, to Henry Harvey, all the interest which he could, by the utmost liberality of construction, take as legatee under the will, and it falls far short of that lie has transferred to the defendant. The act done by him, was one which he could not do, so as to be effectual, otherwise than by virtue of bis authority as executor, and according to the general rule, it must be referred to that authority.
Note: It has been objected, with, some degree of earnestness, that the quest, lions on which the opinion of the court has been expressed, ought not to have entered into the case here,because they wore not made in the courtbelow,and perhaps it is due to the occasion, to express the view of the court on the subject. By the practice and rules of the court, we are precluded from .entering into the case-do novo, and it is true that this court will only hear the case that has been made on the circuit. But I apprehend that there has been a misapplication of them to the present case. The facts were clearly proved, and the, questions arising out of them, are regarded as decisive of the rights of the parties, and the objection rests solely on the circumstance that they were over-looked in the circuit court. In a trial on the circuit, it is expected that the counsel will bring to - the view of the court, all the points which are calculated to incline the scale on either side: but without intending to detract from the well deserved character of the bar for promptness and vigilance, 1 hazard little in saying, that few have had the conduct and management of a complicated and perplexing case, who have not on caW? fully reviewing the events of a trial on circuit, discovered that some little mat* ter has escaped his attention which might possibly have had its influence; and to permit an inadvertence of this sort to flx and control the rights oí the parties, Would work the most flagrant injustice. The rights of a party, so situated, stand, I think, even on higher ground. The court i‘s the counsel of both the partsesr and by it, the rules of law are to be applied to the case, arising out of tlie evidence; to restrain their perversion or misapplication on the one hand, and to supply a deficiency on the other; and to deny to this court the power of correcting inadvertencesor mhdahps, would be to pervert its oflice,from substantially administering the justice of the coantry, and make it merely the umpire of a contest of dexterity and promptness between the counsel.
Grimhe, for the motion,
Hunt, contra.
On these grounds, the court concur in the opinion, that a new trial ought to be granted.
Haf JVott, GolcocU & Gantt, Justices, concurred.